Clarence E. **MATTHEWS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44900.

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 9, 1972.

Benbow & Gross, by John W. Benbow, San Antonio, for appellant.

Ted Butler, Dist. Atty., Arthur Estefan and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On October 16, 1970, the appellant, after pleading guilty to the offense of theft from the person, was assessed a punishment at four years, probated. The conditions of probation were, among other things, that he commit no offense against the laws of this State and to pay court costs and to make restitution within thirty days or by November 16, 1970.

On December 28, 1970, a motion to revoke probation was filed. It alleged that on December 12, 1970, the appellant committed the offense of theft and had failed to pay court costs and make restitution. An amended motion filed on February 19, 1971, alleged the same violations with more details regarding the alleged theft offense.

A hearing on the motion to revoke was held on March 25, 1971.

Sam Reese, a partner in the operation of the Fun Palace in San Antonio, received a call on December 12, 1970, from the cashier of his place of business. As a result of the call he telephoned the San Antonio police. Shortly after Reese arrived at the Fun Palace, Officer Joe Benavides came in with the appellant. The cashier, who did not testify, told Benavides that the appellant was the person "she

saw running out of the Fun Palace with the film coming out of his pocket." Reese also testified that another employee who was not called as a witness had inventoried their stock and found twelve rolls of art film and a projector missing. Reese had not given appellant nor anyone else permission to take anything from the Fun Palace. Boards were torn loose making a hole large enough for a man to enter the film room.

Appellant testified that he and a friend were in the Fun Palace around 6:00 to 6:30 p. m. on December 12, 1970, to look at a film and that they remained inside for about a minute and that he took no film and removed no boards. He was later arrested at a cafe, taken to what he thought was a jewelry store, released to another officer and then taken to the Fun Palace.

Marvin Bauman, appellant's probation officer, testified that the appellant had failed to pay court costs of $32.50 and restitution of $4.00 within thirty days. On cross-examination Bauman testified that appellant had been placed on probation in October, reported to him in November and was placed in jail on the present theft charge prior to his second reporting date. When he reported in November he told Bauman that he had not paid the court costs and restitution because his wife was expecting, had been taken to the hospital, and he had to pay the hospital bills. Bauman told him to do the best he could.

Bauman also testified that the appellant received $45.00 a week in an employment training program of the "E.O.D.C."

Apparently the cashier and the employee who prepared the inventory could not be found.

We hold that the evidence, considered in the light most favorable to the State, is insufficient to show that the appellant committed the theft as alleged in the motion to revoke probation and that the testimony of the probation officer does not show that the appellant was able to, and wilfully failed to, pay the $4.00 restitution and the court costs. See Hall v. State, Tex.Cr.App., 452 S.W.2d 490.

An abuse of discretion has been shown. The cause is reversed and remanded.