Lawrence Edward BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48367.

Court of Criminal Appeals of Texas.

April 24, 1974.

Jim Hamilton, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

Appellant was convicted of the offense of felony theft on November 24, 1971, and was placed on probation for five years in cause number 165,987. Two of the conditions of said probation were that he "Commit no offense against the laws of this or any other State or the United States," and "Report to the probation officer as directed." The State's First Amended Motion to

Revoke Probation was filed on November 29, 1972, in causes numbered 167,741 and 165,987, alleging that appellant violated the terms and conditions of his probation in that he "'failed to report to his probation officer since Feb. 1, 1972, and all efforts to contact him have failed. That probationer is currently $20.00 in arrears in his supervisory fee. That probationer committed the offense of robbery by assault on May 7, 1972, in Harris County, Texas." On December 12, 1972, causes numbered 167,141 and 165,987 came on for hearing on the motion to revoke. It then being discovered that appellant was not the defendant in cause number 167,741, alleged in the motion to revoke, that portion was abandoned and the hearing proceeded in cause number 165,987.[1] No evidence of the commission of the alleged offense having been introduced, at the conclusion of the hearing the court revoked appellant's probation in cause number 165,987 upon its finding that appellant "failed or refused to report to the Probation Department, as ordered by the court," and "refused to pay supervisory fee, in that he was $20.00 in the rear in payments."

Appellant contends the court abused its discretion in revoking his probation because the record does not show he violated the terms of his probation as alleged, in that the condition requiring him to report to the probation officer as directed constituted an improper delegation of authority and in that the requirement of payment of a supervisory fee was not a condition of his probation.

■ The record contains an exhibit introduced at the hearing on the motion to revoke entitled Conditions of Probation which was signed by appellant acknowledging his receipt of a copy thereof. Among the conditions listed are:

"Report to the probation officer as directed, not less than once a month; Report to the Adult Probation Department,

1. Appellant had been the defendant in 167,141, which cause was not alleged in the motion to revoke.

Harris County, on December 7, 6: P.M. ~~and on the same day of each succeeding~~ ~~month until discharged from probation.~~

" * * *

"And pay a $150.00 Supervision Fee to Harris County, Texas, at the rate of $10.00 per month, beginning Jan. 1, 1971. All payments to be paid through the Adult Probation Department of Harris County, Texas. Personal or Company checks are not accepted."

However, the instrument appears on its face to be a list of conditions of probation for both causes 167,141 and 165,987.[2] The verdict and judgment filed in cause number 165,987, in which probation was revoked, on the other hand, recites the following terms of probation:

"Report to the probation officer *as directed*; . . . No Supervisory Fee." (Emphasis supplied).

It therefore appears from the record that no supervisory fee was imposed in cause 165,987, and that the supervisory fee referred to in the exhibit, if imposed at all, must have been imposed in cause 167,141, said exhibit on its face appearing to be a combined statement of the conditions from both causes. It appearing that no supervisory fee was imposed, it was an abuse of discretion to revoke appellant's probation for failure to pay same.[3]

■ The other ground upon which appellant's probation was revoked was his failure to report to the probation officer as directed. Again there is a conflict between the pronouncement of conditions in open court and the recital in the document which on its face appears to be a notice of

conditions of probation for both this case and another. In view of the facts of this case we are compelled to conclude that those conditions pronounced by the court in its judgment control over the conflicting terms found in the document which contains conditions imposed in another cause not before us.[4] Accordingly, the issue is whether the court abused its discretion in revoking appellant's probation for failure to report to the probation officer as directed. Such requirement standing alone constitutes an improper delegation of the setting of terms of probation to the probation officer. See DeLeon v. State, Tex.Cr. App., 466 S.W.2d 573; Cox v. State, Tex. Cr.App., 445 S.W.2d 200; McDonald v. State, Tex.Cr.App., 442 S.W.2d 386; Campbell v. State, Tex.Cr.App., 420 S.W. 2d 715. Appellant's probation officer testified that appellant reported on January 4, 1972, but did not report thereafter. He also testified that appellant was at that time told to report again on February 1, 1972, but that he failed to do so, and that he was sent a registered letter directing him to report, the returned receipt being signed by appellant and indicating delivery in February 1972.

■ The delegation of authority being improper, it was an abuse of discretion for the court to revoke probation thereon. The exercise of improperly delegated authority by a probation officer cannot make the delegation effective, although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed. Here, however, no such history of acceptance of the delegation of

---

2. Said document contains nothing to indicate that it was filed in the record of either cause at the time of its issuance, nor does it appear to be an order duly entered by the court in either cause.

3. We also observe there was no evidence of appellant's ability to make any such payments. See Gormany v. State, Tex.Cr.App., 486 S.W.

2d 324; Matthews v. State, Tex.Cr.App., 478 S.W.2d 943; Cotton v. State, Tex.Cr. App., 472 S.W.2d 526.

4. We also observe that the terms stated on the docket sheet, with respect to grounds for revocation, correspond to those stated in the judgment and not to those appearing in the exhibit introduced at the hearing.

authority appears in the record, but rather the facts stated above demonstrate the contrary.

Upon the facts of this case we find the revocation of probation constituted an abuse of discretion.

The judgment is reversed.