Don Franklin PARSONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49046.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Michael McLeaish, Odessa, for appellant.

John Green, Dist. Atty., and Denis Cadra, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This appeal is from an order revoking probation. On November 29, 1971, appellant was convicted upon a plea of guilty in the district court of Ector County of burglary. Punishment was assessed at eight (8) years, probated. Among the conditions of probation was the requirement that appellant,

> "(g) Remain within a specified place, to-wit, Ector County. He will not leave Ector County without the written consent of this Court. He will not be required to get written permission to leave in connection with his employment unless he expects to be away for an extended period of time."

Appellant was also required to make reports to his probation officer "as directed."

On October, 11, 1972, the State filed its motion to revoke appellant's probation, alleging that appellant had violated the conditions of his probation by having failed to report to his probation officer on five specific reporting dates, that thereafter he did not report to his probation officer as directed from May 2, 1972, to the date of the revocation proceedings, and that he had absconded from the supervision of the Ector County Adult Probation Office.

A summary of the undisputed testimony offered at the hearing on the State's motion is as follows. Appellant was directed by his probation officer to report in person weekly. Prior to May of 1972, appellant failed to report on five specific reporting dates. On May 2, 1972, appellant also failed to report and from that date until October 2, 1972, his probation officer did not see him or hear from him. Though an investigation was made, his whereabouts was not discovered until the Arlington Police Department notified authorities in Odessa that appellant was being held in jail in Arlington. The Ector County Sheriff drove to Arlington and brought appellant back on October 2, 1972. Appellant had been working in Tarrant County, and was in jail for traffic violations.

Appellant took the witness stand and admitted that he had received a copy of the rules of his probation and that he understood he had to receive permission anytime he left Ector County. He admitted that he had not reported to his probation officer since May of 1972. He admitted leaving Ector County. He stated that the reason he had left Ector County was that he had discovered that his father, whom he had not seen in years, was living in Tarrant County and was suffering from an illness expected to cause death. He testified that on or about April 25th he went to the Ector County Adult Probation Office and requested a transfer to Tarrant County and was refused. He admitted that he did not tell the probation officer he talked to that his father was dying.

It is appellant's contention that the court abused its discretion in revoking probation.

■ The condition in the probation order that he report to the probation officer "as directed" was not enforceable because it did not specify when he was to report and it was an unlawful delegation of authority to the probation officer to direct him when to report.[1] DeLeon v. State,

1. However, cf. Brown v. State, 508 S.W.2d 366 at page 368, where we stated: "The ex-    ercise of improperly delegated authority by a probation officer cannot make the delegation

**556**

Tex.Cr.App., 466 S.W.2d 573; Campbell v. State, Tex.Cr.App., 420 S.W.2d 715; Cox v. State, Tex.Cr.App., 445 S.W.2d 200; McDonald v. State, Tex.Cr.App., 442 S.W. 2d 386; Cotton v. State, Tex.Cr.App., 472 S.W.2d 526.

The order revoking probation also recited that probation was revoked for "absconding supervision." There was no such provision in the probation order. We consider such finding that appellant "absconded supervision" was but an additional way of saying that he did not report "as directed," and since the requirement that he report "as directed" was unenforceable, this finding adds nothing to the order.

■ If this finding refers to appellant's failure to obtain written consent from the court to leave Ector County, the record does not show such failure.

We sustain appellant's contention and reverse the judgment and remand the cause.

Opinion approved by the Court.

effective, although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed."