Gene Arthur **SMITH**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 50417.**

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

---

Delmar L. Cain, Court-appointed, Austin, for appellant.

Robert O. Smith, Dist. Atty. and David A. Sheppard, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

Appellant was convicted of burglary and punishment was assessed at ten years. Imposition of sentence was suspended and appellant was placed on probation. Subsequently probation was revoked, punishment was reduced to three years (Art. 42.12, Sec. 8, V.A.C.C.P.), and sentence was pronounced. This appeal is from that order revoking probation.

The State filed a motion to revoke probation alleging appellant:

" . . . violated his probation by failing to report and submit urine specimens, failing to work and failing to pay court costs, restitution and supervision fees as directed by the court and his supervising officer and failure to avoid injurious and vicious habits in that this person has had three positive urine specimens within the last month."

The trial court in its order revoking probation found appellant guilty of each of the foregoing allegations.

Appellant in his brief contends the trial court abused its discretion in revoking the probation because the evidence was insufficient to support any of the findings of violations of the conditions of probation. The State in its brief argues only that the evidence is sufficient to support the finding that appellant violated his probation by failing to report to the probation officer. The State concedes that the evidence is insufficient to support the findings of other violations, and an examination of the record reveals that the evidence in fact is insufficient to support those other findings. The

issue before this Court, then, is whether the trial court abused its discretion when it found appellant failed to report to the probation officer in violation of the conditions of his probation, and revoked appellant's probation upon that finding.

Upon conviction, the order of the court granting the terms of probation stated the following condition:

"Report to the Probation Officer as directed." The State's motion to revoke probation recited the same condition, and the State's only witness, appellant's probation officer, testified that this was a condition of appellant's probation. This condition of probation was an improper delegation of authority to the probation officer and as such was unenforceable.[1] *Parsons v. State,* Tex.Cr.App., 513 S.W.2d 554; *Brown v. State,* 508 S.W.2d 366; *DeLeon v. State,* Tex.Cr.App., 466 S.W.2d 573. See also *Cox v. State,* Tex.Cr.App., 445 S.W.2d 200; *McDonald v. State,* Tex.Cr.App., 442 S.W.2d 386. The trial court was not authorized to revoke probation upon a finding of a violation thereof.

For the reasons stated, the revocation of appellant's probation upon the findings in the order constituted an abuse of discretion. Accordingly, the judgment is reversed and the cause remanded.

---

1. But see *Brown v. State,* Tex.Cr.App., 508 S.W.2d 366 at 368, where we stated, "The exercise of improperly delegated authority by a probation officer cannot make the delegation effective, although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed." No such facts are present in this case.