**Lorraine N. AGUILAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 53189 and 53190.**

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

S. Cliff Preslar, El Paso, on appeal only, for appellant.

Steve W. Simmons, Dist. Atty., and James C. Butts, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeals are taken from orders revoking probation. A plea of guilty was entered by appellant to the offense of robbery by firearms on August 27, 1973, and punishment was assessed at five years probated. On July 25, 1975, appellant pleaded guilty to the offense of aggravated robbery and punishment was assessed at ten years probated.

Amended motions to revoke appellant's probations in both causes were filed on December 22, 1975, alleging that appellant had violated her probations in that,

". . . on or about the 29th day of August, 1975, in the County of El Paso and State of Texas, the said defendant, LORRAINE AGUILAR did then and there requested (sic) permission to go to Los Angeles, California, from her Probation Officer Terry Lund, which was granted on the agreed to and ordered provision that the defendant, LORRAINE AGUILAR, would return to El Paso, Texas, on September 7, 1975, and further report to her probation officer, Terry Lund, on September 8, 1975. The defendant, LORRAINE AGUILAR, then failed to return to the confines of El Paso County, Texas, on September 7, 1975, as directed by her Probation Officer, Terry Lund. Additionally, the defendant LOR-RAINE AGUILAR, also failed to report to her Probation Officer, Terry Lund. Each and either of these acts constitutes separate violations of the defendant's, LORRAINE AGUILAR, conditions of probation.

"Additionally, the defendant, LORRAINE AGUILAR, neglected to obtain the Court's permission to leave the confines of El Paso County, Texas prior to absenting herself from the confines of El Paso County, Texas, during the approximate period of September 1, 1975, through September 19, 1975. Such negligence constitutes an additional and separate violation of the defendant's LORRAINE AGUILAR, conditions of probation.

"Additionally, on the 25th day of October, 1975, in the County of El Paso and State of Texas, the said defendant, LORRAINE AGUILAR, did the (sic) and there unlawfully, knowingly and intentionally deliver to PATRICIA SOTORE, a controlled substance, namely: Heroin. Such act constitutes a violation of the defendant's conditions of probation."

The record reflects that after a hearing on January 20, 1976, the court entered orders in both causes revoking appellant's probations, said orders reciting:

". . . that said defendant violated the terms of his probation in the respect set out in said Motion to Revoke Adult Probation in that she: on the 29th day of August, 1975, in the County of El Paso and State of Texas, the said defendant, LORRAINE AGUILAR, did request permission to go to Los Angeles, California, from her probation officer which was granted on the ordered provision that she would return to El Paso, Texas, on September 7, 1975, and report to her probation officer on September 8, 1975. The defendant, LORRAINE AGUILAR, neglected to obtain the Court's permission to leave the confines of El Paso County, Texas, thus violating one of her conditions of probation, and then absented herself from the confines of El Paso County

during the approximate period of September 1, 1975 through September 19, 1975.

"Additionally, the defendant, LORRAINE AGUILAR, violated the conditions of her probation by her failure to return to El Paso County on September 7, 1975, as directed by her probation officer, and by her failure to report to her probation officer on September 8, 1975, as directed by her probation officer. Each and either of these acts constitutes separate violations of the defendant's, LORRAINE AGUILAR, conditions of probation."

At the outset, appellant contends that the trial court abused its discretion in revoking appellant's probations "on the ground that she neglected to obtain the court's permission to leave El Paso County because the defendant did not have fair notice that her probation officer could not grant her permission to leave."

Condition "9" of the probations provided that appellant "Remain within the confines of El Paso County or as directed by the Court."

Terry Lund testified that appellant was placed on her "case load" in the probation department "sometime probably in July of 1975," and she issued a travel permit to appellant to visit her sister in Los Angeles on August 29, 1975, and that such permit provided that appellant was to report to the "West Texas Regional Adult Probation Department upon return 9/7/75." The reporting date of September 7 was changed to September 8 when Mrs. Lund discovered that the former date was Labor Day. Lund further stated that it was the policy to leave discretion in the probation department in the matter of granting permission to leave the county for thirty days or less. According to Lund, appellant had never requested permission to leave before the incident in question.

Condition "1" of appellant's probations requires that she "Obey all orders of the Court and the Probation Officer."

The State points to the fact that appellant was placed on two probated sentences,

had received copies of same, and well knew that the court required that permission to leave was to be obtained from the court.

In *Campbell v. State*, Tex.Cr.App., 456 S.W.2d 918, this Court said:

"... while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process any more than it is required to provide for appellate review, when it does, then due process and equal protection of the law is fully applicable thereto."

■ We find it to be an abuse of discretion to revoke probation on the basis of appellant's failure to obtain the court's permission to leave town when appellant had received a permit authorizing such a trip from her probation officer and had been admonished to obey the orders of her probation officer in the judgment of probation.

■ Appellant contends that the court abused its discretion in revoking probation "on the ground that she failed to return to El Paso County on September 7 and report on September 8, 1975."

We find no condition of probation which required appellant to return to El Paso County on September 7.

Condition "6" of appellant's probation judgments required that she "Report to the Probation Officer as required." In *Parsons v. State*, Tex.Cr.App., 513 S.W.2d 554, cited by appellant, this Court held:

"The condition in the probation order that he report to the probation officer 'as directed' was not enforceable because it did not specify when he was to report and it was an unlawful delegation of authority of the probation officer to direct him to report."

See *Smith v. State*, Tex.Cr.App., 527 S.W.2d 896.

The State responds by citing *Brown v. State*, Tex.Cr.App., 508 S.W.2d 366, where it was stated:

"The exercise of improperly delegated authority by a probation officer cannot

make the delegation effective, although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed."

The testimony of probation officer Lund reflects the following:

"Q. Would you tell us, please, during this two and a half or three months period of time generally how and when you directed her [appellant] to report to you?

"A. Yes, sir. As I stated, she was having difficulties in seeking employment and obtaining employment and was having some personal problems and I directed her to report to me about once a week.

"Q. About once a week?

"A. Right.

"Q. Did you ever direct her to report to you on a specific day of the week during that period of time?

"A. During that period of time, no."

We cannot conclude that the instant cause falls within the cited language from *Brown v. State*, supra. The probation officer's directive to appellant was to report "about once a week." No specific day of the week was designated. We do not find this to be such a course of conduct between appellant and the probation officer as to estop appellant from objecting to the reporting date of September 8, 1975. The evidence does not sustain the court's finding relative to appellant's violation of her probation for failure to report to her probation officer.

■ The State points to an announcement of the court from the bench relative to appellant possessing heroin and urges that such statement by the trial judge supports the orders of revocation. The record reflects that the court made the following statement:

"As far as the factual concept that she [appellant] did not know that she pos-

sessed the heroin in this case, the Court cannot believe that. So, based upon the foregoing, it is the ruling of this Court that the defendant's probation be revoked."

Appellant filed a written motion requesting the court ". . . provide a statement of the Findings of Fact and Conclusions of Law specifically reciting those findings upon which this Honorable Court's order of Revocation is based. . . ."

The orders revoking appellant's probations contain the court's findings. Such orders do not include any findings relative to appellant possessing heroin, but reflect that probation was revoked on the court's findings hereinbefore set forth.

■ The written findings of the court control over the oral announcement. *Ablon v. State*, Tex.Cr.App., 537 S.W.2d 267; *Balli v. State*, Tex.Cr.App., 530 S.W.2d 123.

Absent a written finding that appellant violated her probation by possessing heroin, we are not faced with the question of whether the evidence would support such a finding.

We conclude that the trial court abused its discretion in revoking appellant's probations.

The judgments are reversed and the causes remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority is holding that a probationer may take advantage of that part of an unauthorized order permitting her to leave, but she is not bound by that part of the order where she must return. In this she has the best of two worlds. She gets to leave and nothing under the majority opinion requires her to return at any time.

If she can take advantage of a part of an unauthorized order, she should follow all of the order. She knew when she was to return, and she did not do so. Two wrongs do not make a right.

This writer would not agree that probation could be revoked for one leaving the State when a probation officer authorizes it but would hold that, when one leaves on such a condition to return, probation may be revoked for failing to do so.

Under the reasoning of the majority opinion, the probation should be revoked because she left the State in violation of the court's order without permission of the court.

No abuse of discretion has been shown. The judgments should be affirmed.

ODOM, J., joins in this dissent.