v.

The STATE of Texas, Appellee.

No. 8850.

Court of Civil Appeals of Texas, Texarkana.

Nov. 18, 1980.

Charles Wayne Toliver, Garrison, Patton & Toliver, Gilmer, for appellant.

Dwight Brannon, Criminal Dist. Atty., Gilmer, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from an order of the 115th Judicial District Court of Upshur County, Texas, committing appellant, K——K——B——, to the Texas Youth Council. The order found that appellant had engaged in delinquent conduct in that she disobeyed one of the conditions of probation entered in a previous adjudication which had found her to be a child in need of supervision.

The first adjudication was made on January 4, 1980, on the basis that appellant had run away from home on several occasions. The disposition order found that appellant was in need of rehabilitation and placed her on probation, with the local unit of the Department of Human Resources being named managing conservator and the Corsicana State Home being named possessory conservator. The Department of Human Resources took appellant into custody and attempted to deliver her to the Corsicana State Home, but that facility was unable to accept her because of restrictions concerning the type of juvenile it could accommodate. She was then placed in the home of Mrs. Belinda Rogers, a licensed foster parent. Condition number 6 of the probation order provided that appellant would "Reside in the home of the person or persons to whom you are released and obey all of their instructions." After appellant had been in the Rogers' home approximately three weeks she was returned to the Upshur County Unit of the Department of Human Resources, and this case was then filed alleging that she had engaged in delinquent conduct by violating Condition 6 of her probation.[1] At the adjudication hearing the testimony of Mrs. Rogers and others was received revealing that, although specifically instructed to do so, appellant on two occasions refused to do her school homework and had become generally unhappy and uncooperative in the home of Mrs. Rogers and with her policies and rules of behavior. The court then, on the sole basis of appellant's refusal to do her homework, found that she had committed delinquent conduct and committed her to the Texas Youth Council.

Appellant contends that the disposition order is erroneous because (1) the rules allegedly violated were not those of the court, but were those of a third party to whom the court had improperly delegated its power to set the conditions of probation; and (2) Condition 6 of the terms of probation was ambiguous and did not give appellant fair notice of her obligations thereunder. The judgment will be affirmed.

It is true that the court in a juvenile proceeding cannot delegate its ultimate authority to determine, set and supervise the conditions of probation. *Smith v. State*, 527 S.W.2d 896 (Tex.Cr.App.1975); *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974); *Brown v. State*, 508 S.W.2d 366 (Tex.Cr.App.1974); *DeLeon v. State*, 466 S.W.2d 573 (Tex.Cr.App.1971). But the probation order is not required to specify every minute de-

---

1. Tex.Family Code Ann. § 51.03 provides that the violation of a reasonable and lawful order of a juvenile court entered pursuant to a disposition hearing or a hearing to modify disposition under §§ 54.04 and 54.05, constitutes delinquent conduct.

tail of the conduct which is mandated or prohibited. Such a requirement would be impractical, if not impossible, and would hinder rather than assist the juvenile court in promoting the rehabilitation of juveniles. It is sufficient if the general conduct is spelled out in terms sufficiently clear for the juvenile to understand and be able to obey. This is particularly true where the juvenile is placed on probation in the care of a home or institution. The court can allow the custodian to implement the court prescribed conditions by specifying the detailed method of obedience to those conditions. Although a requirement that the juvenile obey the reasonable rules and regulations of such a custodian vests a certain amount of discretion in the custodian, such discretion is necessary if the home or facility is to be successful in its rehabilitative efforts. See *Salmons v. State*, 571 S.W.2d 29 (Tex.Cr.App.1978); *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978).

We also find that the condition of probation which required appellant to obey the instructions of the foster parent was not fatally vague or ambiguous and that it did give appellant fair notice of her obligations. The condition is actually quite specific. Appellant was required to obey all of the instructions of the foster parent. Of course, if the evidence revealed that those instructions were ambiguous, conflicting, or unreasonable, we would not affirm a finding of delinquent conduct based on violations of them, but the evidence shows without dispute that the rules and instructions were clear and specific, and that they were fully explained to and understood by the juvenile. The evidence further shows that the violations were knowing and deliberate. While the actual infractions might be considered to be minor, the trial court obviously gave careful consideration to the ramifications and implications of the child's contumacious attitude, and decided that her welfare in such circumstances required that she receive the protection and rehabilitative services of the Texas Youth Council. We cannot say that the trial court abused its discretion in making that decision.

Appellant also contends that the judgment is erroneous because there was no showing that she violated any rule or regulation of the Corsicana State Home. We overrule this contention. The Corsicana State Home was only the possessory conservator and was never given custody of the juvenile.

For the reasons stated, the judgment of the trial court is affirmed.