**Johnny Ray LASSITER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–85–0101–CR, 12–85–0102–CR.**

Court of Appeals of Texas,
Tyler.

Sept. 18, 1986.

Rehearing Denied Oct. 23, 1986.

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

COLLEY, Justice.

Lassiter appeals from orders revoking his probation. He was separately indicted for the offenses of unauthorized use of a vehicle and aggravated robbery. The indictments were consolidated for trial on April 12, 1983.[1] Trial was to a jury who convicted Lassiter of both offenses and assessed his punishment for the unauthorized use of a vehicle[2] at two years' confinement and a fine of $500.00, and for the aggravated robbery[3] at ten years' confinement and a fine of $1,000.00. The jury recommended probation as to confinement in both cases for a period of five years. Judgment on the verdict was signed by the court, suspending imposition of sentence as to confinement. On May 22, 1984, the State filed a motion to revoke probation in both cases. The motion was amended on February 18, 1985, and the revocation proceedings were conducted on March 21, 1985. The trial judge revoked Lassiter's probation in both cases based upon the sole finding in each case that Lassiter failed to "report to the Brazoria County Probation Department as ordered by the Court; inasmuch as he, Johnny Ray Lassiter, did fail to report in writing or in person for the months of January, 1984; February, 1984; March, 1984; April, 1984; May, 1984; June, 1984; July, 1984; August, 1984; September 1984; October 1984; November, 1984; December, 1984; and January, 1985."

The order placing Lassiter on probation in both cases contains a condition that Lassiter "shall report to the Brazoria County Probation Department[4] as prescribed by said authorities."

Lassiter argues under his first point of error that the condition of probation that he report to the Brazoria County Probation Department "as prescribed by said authorities" constitutes an unlawful delegation of judicial authority to the probation department. But for the amendments[5] to Tex. Code Crim.Proc.Ann. art. 42.12, § 6d, effective August 27, 1979, we would be constrained to agree[6] with Lassiter; however, section 6d[7] as amended in 1979, read in pertinent part: "[r]eport to the probation officer as directed by the judge *or probation officer* and obey all rules and regulations of the probation department...." (Emphasis added.) The decision in *Parsons* and the authorities cited therein rest upon

1. With Lassiter's consent.

2. Trial Court Cause No. 1019–83–1 (our Cause No. 12–85–0101–CR).

3. Trial Court Cause No. 1020–83–1 (our Cause No. 12–85–0102–CR).

4. The order granting probation permitted Lassiter to reside in Brazoria County and provided that supervision of Lassiter while on probation would be by the Brazoria County Probation Department.

5. Act of June 13, 1979, ch. 605, § 4, 1979 Tex. Gen.Laws 1336, 1338–1339.

6. *See Parsons v. State*, 513 S.W.2d 554, 555 (Tex. Cr.App.1974); *McDonald v. State*, 442 S.W.2d 386, 387 (Tex.Cr.App.1969).

7. Renumbered 6(a) by Act of June 12, 1985, ch. 554, § 1, 1985 Tex.Gen.Laws 2155 (art. 42.12, sec. 6(a) Tex.Code Crim.Proc.). All references to sections hereafter made are to the Tex.Code Crim.Proc.Ann. art. 42.12, unless otherwise noted.

interpretations of the then existing section 6d which simply read: "[r]eport to the probation officer as directed."[8]

The *Parsons* court held a condition of probation requiring Parsons to report to the probation officer "as directed" to be unenforceable for two reasons, (1) the condition "did not specify when [Parsons] was to report...." and (2) the provision amounted to "an unlawful delegation of authority to the probation officer...." *Parsons*, 513 S.W.2d at 555. We conclude that the language of section 6d as it existed when Lassiter was placed on probation expressly authorized the condition of probation here imposed. We reject Lassiter's contention that the imposition of the condition amounts to an unlawful delegation of judicial authority. The legislature has overruled that part of the holdings in *Parsons*. But the matter cannot rest here. *Parsons* also suggests that due process rights may be raised by the language of the condition of probation before us. Since a trial court may now lawfully delegate to its probation officer the authority to fix the dates, times, places and manner of reporting for a probationer during his supervision of the individual, it would appear that if the probation officer informed the probationer of the details of his obligation to report, and the probationer violated the conditions, then his probation may be revoked without offending his due process rights under the United States Constitution or Tex. Const. art. I, § 19. This is true because under the former section 6d, only the court had the authority to require the probationer to report to the probation officer on specific dates and at specific times and specific places. However, under the 1979 version of the statute, the probation officer or department is authorized to fix the details of reporting by a probationer. And, it follows, if the probationer is duly informed of the details of his reporting obligation by the probation officer, his probation may be revoked by the trial court in its discretion for a violation of the condition.

In this case, it is undisputed that Lassiter was verbally informed by Phillip Silva, a probation officer employed by the Brazoria County Adult Probation Department, in a personal interview conducted by him with Lassiter in 1983. Silva testified that during the interview he informed Lassiter that he was to report in person to him monthly. It is likewise undisputed that Lassiter failed to report in person to Silva during the months of February through December 1984 as alleged in the State's motion to revoke probation. The revocation order is predicated on the finding that Lassiter failed to report to the Brazoria County Probation Department during those months. Lassiter makes no contention that the trial court abused its discretion in revoking his probation. Since we conclude that Lassiter had adequate notice of his obligation under the order of probation to report in person to Silva monthly, his due process rights were protected. The first point of error is overruled.

By his second point of error, Lassiter seeks reformation of the order below imposing sentence in our Cause No. 12–85–0102–CR. The State agrees that the sentence in that case should be reformed. The sentence imposed by written order[9] in trial court Cause No. 1019–83–1 is reformed to provide that Lassiter shall be confined in the Texas Department of Corrections for a period of two years in accordance with the jury verdict in the cause. As reformed, the orders below are affirmed.

---

**8.** The text of the original Texas Code of Criminal Procedure (1965).

**9.** The oral order pronounced by the court was correct.