**Roy David FRANCIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00923–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1990.

George McCall Secrest, Jr., Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant pled not guilty to two counts of indecency with a child, and not true to the enhancement paragraphs relating to both charges. The jury rejected appellant's pleas and assessed punishment at life imprisonment on both counts. On appeal, appellant contends: 1) the trial court erred in ordering the life sentences to run consecutively; 2) he was denied effective assistance of counsel at the punishment phase of the trial; and 3) the evidence was insufficient to prove a prior final conviction as alleged in the first enhancement paragraph relating to both counts of the instant conviction. Finding no merit in appellant's arguments, we affirm.

A detailed recitation of the evidence presented at trial is unnecessary. It is sufficient to note that appellant was charged with, and found guilty of, exposing his genitals to two young females under the age of seventeen. In addition, by way of enhancement paragraphs, the state alleged appellant had prior convictions for obscenity and indecent behavior with a juvenile.

■ In his first point of error, appellant contends the trial court erred in ordering the life sentences imposed by the jury to run consecutively because both convictions arose from the same criminal episode, and were prosecuted in a single criminal action. TEX.PENAL CODE ANN. § 3.03 (Vernon 1974). The record reflects that the trial judge, during sentencing, did announce the sentences were to run consecutively. The written judgment on each of the counts, however, indicates that both sentences were to begin on January 5, 1989, thus running concurrently. Because the written order of the court controls over an oral announcement, *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Crim.App.1980), we find no error in the trial court's actions. We overrule appellant's first point of error.

■ In his second point of error, appellant argues he received ineffective assistance of counsel at the punishment phase of his trial because trial counsel failed to object to the state's introduction of a record of appellant's prior offenses into evidence. This exhibit chronicled not only appellant's prior felony convictions, but also recited numerous extraneous acts of misbehavior while in prison, a list of offenses appellant was charged with by the Louisiana State Police Department, and the circumstances surrounding one of the prior convictions. Appellant now contends that the admission of this exhibit, with no objection by trial counsel, amounted to ineffective assistance of counsel requiring reversal of the punishment phase of his trial.

While we agree that much of the above listed information could have been kept from the jury by making a proper objection, we do not agree that the failure to make such objection amounted to ineffective assistance of counsel in this case. When an appellant claims he received ineffective assistance of counsel at the punishment phase of his trial, this court is required to examine the totality of the representation received to determine whether it was "counsel reasonably likely to render and rendering reasonably effective assistance...." *Ex parte Williams*, 753 S.W.2d 695, 698 (Tex.Crim.App.1988) (citations omitted).

Viewing the facts of the instant case in this light, we find appellant received effective assistance of counsel. The record shows trial counsel successfully moved the court to order a psychiatric evaluation of appellant, conducted a thorough voir dire, conducted cross-examination of witnesses which sought to impeach their credibility, visited the scene of the offense and interviewed the librarian to whom the complainants first reported the incident, successfully urged a motion in limine concerning appellant's prior convictions during the guilt/innocence phase of the trial, and

made well reasoned closing arguments during both the guilt/innocence and punishment phases of the trial. Given the totality of these facts, we cannot say appellant received ineffective assistance of counsel. We overrule appellant's second point of error.

In his third point of error, appellant contends the evidence was insufficient to establish that he was finally convicted of the charge contained in the first enhancement paragraph presented to the jury. We disagree. As proof of this prior felony conviction, the state introduced into evidence what appears to be a commitment order from the Criminal District Court for the Parish of Orleans. The order references the offense committed, and shows appellant was sentenced to twenty years in the Louisiana Department of Corrections on March 7, 1975. As this court has previously held, this evidence is sufficient to establish appellant's prior felony conviction as a matter of law. *Johnson v. State,* 740 S.W.2d 868, 872 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd). We overrule appellant's third point of error.

We affirm the judgment of the court below.