David Phillip Campbell v. State of Texas









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-99-058-CR

     DAVID PHILLIP CAMPBELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 96-49-C
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      The court revoked David Phillip Campbell’s community supervision for attempted
indecency with a child and sentenced him to ten years’ imprisonment and a $500 fine. 
Campbell presents two issues: (1) whether the evidence is sufficient to support the court’s
findings; and (2) whether he is entitled to reformation of the written judgment to make the
findings recited therein correspond with the findings the court orally pronounced at the
conclusion of the revocation hearing.
      The State’s revocation motion alleges twelve grounds for revocation of Campbell’s
community supervision, the last four involving violations of the financial requirements of his
community supervision. At the revocation hearing, the State presented the testimony of two
community supervision officers who testified to each of the twelve allegations. Campbell
testified in his own defense. He testified that he did not earn enough money to pay his rent,
utilities, truck payment, and insurance in addition to satisfying the financial obligations of his
community supervision. On cross-examination, he agreed that he had never brought in
paycheck stubs or any other documentation to verify his financial status despite repeated
requests for this information by his community supervision officer. He testified that he has no
dependents. He did not present any documentation in the revocation hearing to verify his
financial status. See Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2000)
(defendant bears burden of proving affirmative defense of inability to pay in revocation
hearing).
      The court orally pronounced findings at the conclusion of the hearing that Campbell had
committed the first eight violations of community supervision alleged in the revocation motion. 
The court made no oral findings on the alleged financial violations. However, the court signed
a written judgment on the same day which contains written findings that Campbell committed
all twelve of the violations alleged in the motion.
      The first issue presented by Campbell is whether the evidence offered at the revocation
hearing supports the court’s findings. He promptly concedes, however, that he “cannot show
that any of the allegations which the court found to be true are not supported by evidence.” 
Accordingly, we answer his first issue in the affirmative.
      In Campbell’s second issue, he questions whether he is entitled to reformation of the
written judgment to make the written findings therein conform to the oral findings pronounced
at the conclusion of the revocation hearing. Settled case law establishes that, in revocation
proceedings, the written findings of the court control over the oral pronouncement when the
written findings are supported by the pleadings and the evidence. See Eubanks v. State, 599
S.W.2d 815, 817 (Tex. Crim. App. [Panel Op.] 1980); Aguilar v. State, 542 S.W.2d 871, 874
(Tex. Crim. App. 1976); accord Francis v. State, 792 S.W.2d 783, 784 (Tex. App.—Houston
[14th Dist.] 1990, pet. ref’d); cf. Coffey v. State, 979 S.W.2d 326, 328-29 (Tex. Crim. App.
1998) (oral pronouncement of sentence controls over written judgment); Mazloum v. State, 772
S.W.2d 131, 132 (Tex. Crim. App. 1989) (revocation judgment reformed where particular
written finding not supported by evidence). The pleadings and evidence support the written
findings. Thus, we answer Campbell’s second issue in the negative.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Affirmed
Opinion delivered and filed August 23, 2000
Do not publish