COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-259-CR

 

 

WILLIAM LUTHER WITKOVSKY                                                        APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                       ------------

 

                                OPINION ON STATE=S PETITION

                            FOR
DISCRETIONARY REVIEW

 

                                                       ------------

Pursuant
to rule of appellate procedure 50, we have reconsidered our previous opinion
upon reviewing the State=s petition for discretionary
review.  See Tex. R. App. P.
50.  We withdraw our April 22, 2010
opinion and judgment, and we substitute the following.

I.  Introduction








Appellant
William Luther Witkovsky appeals from a judgment revoking his community
supervision.  In four issues, Witkovsky
argues (1) that the trial court abused its discretion by revoking his
community supervision because he completed a sex offender treatment program,
(2) that a term used in the condition of his community supervision
requiring that he attend and participate in a sex offender treatment program is
so vague as to render the condition unenforceable, (3) that the trial
court abused its discretion by revoking his community supervision because a
second sex offender treatment program that he participated in was not
administered in accordance with applicable guidelines, and (4) that the
condition of his community supervision requiring that he attend and participate
in a sex offender treatment program violates part of the code of criminal
procedure.  We will reverse and remand.

II.  Factual and Procedural Background

In
February 2003, Witkovsky pleaded guilty to the offense of injury to a
child.  The trial court sentenced him to
ten years=
confinement, suspended imposition of the sentence, and placed him on community
supervision for ten years.  One of the
conditions of Witkovsky=s community supervision
required of him as follows:

2.       Submit to evaluation for sex offenders as
directed by the supervision officer. 
Attend and participate fully in and successfully complete psychological
counseling/treatment sessions (including aftercare) for sex offenders with an
individual or organization which provides sex offender treatment or counseling
as specified by or approved by the judge or the supervision officer.  Assume responsibility for your offense.  Pay all costs of evaluation/counseling/
treatment.  Treatment must be completed
within three years of its initiation.

 








In
September 2008, the State filed a petition to revoke Witkovsky=s
community supervision, alleging that he had violated the terms and conditions
of his community supervision for being Adischarged
unsuccessfully from Michael Strain and Associates Sex Offender Treatment, due
to his poor progress on treatment plan goals and for his failure to be honest
about and take responsibility for his sexual offense.@  The State did not allege a violation of any
other condition of community supervision.

At
the hearing on the State=s petition, DeAnn
Sheid-Cross, a supervisor with the Tarrant County Community Supervision and
Corrections Department, testified that she had attended a Achaperone
approval meeting@ in February 2007 with
Witkovsky, Witkovsky=s wife, and Yolanda Slawson,
Witkovsky=s
assigned community supervision officer. 
At the time of the meeting, Witkovsky had completed sex offender
counseling with Jeff Clark at ATowards
Healing@ and
was attending the AAftercare@
part of Clark=s
program.  Cross testified that her
conversation with Witkovsky at the February 2007 meeting caused her Amajor
concern@
because he had denied committing the offense for which he was on probation and
could not give examples of the homework assignments that he had completed as
part of his counseling.  Cross opined
that Witkovsky had Aregressed@ in
regard to assuming responsibility for the offense that he had committed and in
regard to the things that he had learned at treatment.  She concluded that he needed additional
counseling and recommended that he be placed in a different program to begin
counseling Aall
over again.@








Slawson
testified that she was Witkovsky=s
primary community supervision officer from June 2002 to June 2007; that she
attended the February 2007 meeting with Witkovsky, his wife, and Cross; and
that Witkovsky=s
comments at the meeting also caused her concern.  Slawson opined that Witkovsky had not been
successfully treated in Clark=s
program, and she agreed to send Witkovsky to counseling with Michael Strain
& Associates.

Michael
Strain, an approved sex offender treatment provider, testified that Slawson had
referred Witkovsky to him for sex offender counseling; that Witkovsky needed to
work on accepting responsibility for his offense, criminal thinking errors, and
child avoidance; and that Strain had ultimately discharged Witkovsky from
counseling after unsuccessfully treating him for one and one-half years because
Witkovsky had categorically denied ever inappropriately touching his
granddaughter.

Jaye
Crowder, a forensic psychiatrist, testified that Witkovsky was not treated in a
sex offender treatment program as mandated by the guidelines set forth by the
Texas Department of State Health Services, Council on Sex Offender Treatment.  Stephen Finstein, a licensed clinical social
worker, marriage family therapist, and sex offender treatment provider,
testified that Witkovsky fully completed the requirements of his sex offender
treatment.  Witkovsky testified that
Strain had asked him to admit certain things about his offense that he could
not remember or that were not true, and Witkovsky opined that he had
successfully completed Clark=s
sex offender program.








The
trial court found that Witkovsky had violated his community supervision as
alleged in the State=s revocation petition, and
it sentenced him to ten years=
confinement.

III.  State=s Motion to Strike

The
State filed a motion to strike two exhibits contained in the appendix to
Witkovsky=s
brief.  It argues that the exhibits
should be struck because they are not part of the appellate record in this
case.  Exhibit A1@ is
the affidavit of Michael E. Harssema dated December 3, 2009, and Exhibit A2@ is
the affidavit of Jaye Crowder dated December 3, 2009.  Neither exhibit is part of the appellate
record in this case.  Therefore, we grant
the State=s
motion to strike the two exhibits contained in the appendix to Witkovsky=s
brief.  See Tex. R. App. P. 34.1 (AThe
appellate record consists of the clerk=s
record and, if necessary to the appeal, the reporter=s
record.@); Rasberry
v. State, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (reasoning that
documents attached to pro se brief could not be considered on appeal
because they were not part of the record); Grimes v. State, 135 S.W.3d
803, 816 (Tex. App.CHouston [1st Dist.] 2004, no
pet.) (stating that appellate court cannot consider an item that is not part of
the record on appeal).

IV.  Standard of Review








We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State, 215 S.W.3d 917,
919 (Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Cherry, 215 S.W.3d at 919. 
If the State fails to meet its burden of proof, the trial court abuses
its discretion in revoking the community supervision.  Cardona, 665 S.W.2d at 493B94.

V.  Modification
of Witkovsky=s
Community Supervision

 

In
his first issue, Witkovsky argues that the trial court abused its discretion by
revoking his community supervision on the basis of his failure to successfully
complete Strain=s sex offender treatment
program.  He contends that he had already
successfully completed Clark=s
sex offender treatment program and that his conditions of community supervision
were never properly modified to require him to attend a second sex offender
treatment program, as required by code of criminal procedure article 42.12,
sections 10(d) and 10(e).








Code
of criminal procedure article 42.12, section 10(a) provides that A[o]nly
the court in which the defendant was tried may . . . impose
conditions@ of
community supervision.  Tex. Code Crim.
Proc. Ann. art. 42.12, ' 10(a) (Vernon Supp. 2009); see
DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987).  And A[e]xcept
as provided by Subsection (d) of [section 10], only the judge may alter conditions
of community supervision.@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 10(a)
(emphasis added); see also id. art. 42.12, ' 11(a)
(AThe judge
of the court having jurisdiction of the case shall determine the conditions of
community supervision and may . . . alter or modify the conditions.@).  Subsection (d)=s
exception to subsection (a)=s
requirement that only a judge may alter conditions of community supervision
provides, AA
judge that places a defendant on community supervision may authorize the
supervision officer supervising the defendant . . . to modify the
conditions of community supervision for the limited purpose of transferring
the defendant to different programs within the community supervision continuum
of programs and sanctions.  Id.
art. 42.12, ' 10(d)
(emphasis added).  Thus, the exception in
subsection (d) to the general rule that only a judge may alter a defendant=s
conditions of community supervision permits a supervision officer to modify a
defendant=s
conditions of community supervision (1) when authorized by the trial court
and (2) for the limited purpose of transferring the defendant to different
programs within the community supervision continuum of programs and
sanctions.  Id.

Subsection
(e) of section 10 explains the procedure that a supervision officer must follow
if, pursuant to subsection (d), he or she has been authorized by the trial
court to modify a defendant=s
conditions of community supervision.  It
provides,








If
a supervision officer . . . modifies the conditions of community
supervision, the officer . . . shall deliver a copy of the modified
conditions to the defendant, shall file a copy of the modified conditions with
the sentencing court, and shall note the date of delivery of the copy in the
defendant=s file.  If the defendant agrees to the modification
in writing, the officer . . . shall file a copy of the modified
conditions with the district clerk and the conditions shall be enforced as
modified.  If the defendant does not
agree to the modification in writing, the supervision officer . . .
shall refer the case to the judge of the court for modification in the manner
provided by Section 22 of this article.

 

Id. art.
42.12, ' 10(e).








In
this case, one of Witkovsky=s
conditions of community supervision required that he attend and successfully complete
a sex offender treatment program, including aftercare, as specified by or
approved by the judge or his community supervision officer.  The evidence introduced at the hearing on the
State=s
petition to revoke showed that Witkovsky had completed Clark=s
counseling program and that he was participating in Clark=s
Aftercare program at the time of the Achaperone
approval meeting@ with Slawson and Cross in
February 2007.[1]  After the Achaperone
approval meeting,@ SlawsonCnot
ClarkCtransferred
Witkovsky to Strain=s sex offender treatment
program because she and Cross opined that Witkovsky had regressed in regard to
assuming responsibility for the offense that he had committed and in regard to
the things that he had learned at treatment. 
The State concedes that Slawson=s
transfer of Witkovsky from Clark=s
sex offender treatment program to Strain=s
sex offender treatment program constituted a transfer of Athe
defendant to [a] different program[] within the community supervision continuum
of programs,@ as
contemplated by article 42.12, section 10(d). 
See id. art. 42.12, ' 10(d).  Indeed, the State argues in its brief that
Witkovsky=s Aprobation
officer >transferred= him
from one sex offender treatment program (Clark=s)
to another (Strain=s) within the continuum
of such sex offender treatment programs offered through Tarrant County=s
Community Supervision and Corrections Department.@  [Emphasis added.]








Although
it is undisputed that Slawson performed a section 10(d) transfer of Witkovsky
from one sex offender treatment program to another, thus modifying his
community supervision, there is no evidence that the trial judge had authorized
Slawson to make such a transfer or modification, as expressly required by
section 10(d).  See id. (stating
that a judge Amay
authorize@ a
supervision officer to modify defendant=s
condition of community supervision).  The
condition of community supervision requiring that Witkovsky attend and
participate in a sex offender treatment program permits Slawson to only specify
or approve the individual or organization that will conduct Witkovsky=s
treatment, which Slawson had obviously done because Witkovsky had completed
counseling with Clark and was participating in Aftercare when Slawson
transferred him to Strain=s program.  Unlike the community supervision order in Mayfield
v State, 167 S.W.3d 585, 586 (Tex. App.CBeaumont
2005, no pet.)Cin
which the trial court had specifically included language providing that it Aauthorizes
[Mayfield=s]
community supervision officer to modify conditions of community supervision and
to transfer [Mayfield] to any community supervision program or residential
facility deemed appropriate@Cthe
order and its supplements and amendments thereto in this case setting the terms
and conditions of Witkovsky=s
community supervision contain no such modification authorization.  In the absence of any evidence demonstrating
that the trial court had authorized Slawson to modify Witkovsky=s
community supervision by transferring him Ato
different programs within the community supervision continuum of programs and
sanctions,@
section 10(a)=s default
rule that Aonly
the judge may alter conditions of community supervision@
controls.[2]
See Tex. Code Crim. Proc. Ann. art. 42.12, ' 10(a).








Further,
even if the trial court had authorized Slawson to perform a section 10(d)
transfer of Witkovsky from one sex offender treatment program to another, and
thus implemented the exception to section 10(a)=s
requirement that only a judge may alter conditions of community supervision,
there is no evidence that Slawson additionally complied with the requirements
of section 10(e) by delivering a copy of the modified condition to Witkovsky;
filing a copy of the modified condition with the sentencing court; noting the
date of delivery of the copy in Witkovsky=s
file; and, if necessary, referring the case to the judge for modification in
the manner provided by code of criminal procedure article 42.12, section
22.  See id. art. 42.12, ' 10(e)
(providing that a supervision officer Ashall@
perform each of these actions).  In other
words, despite having a condition of his community supervision modified, there
is nothing in the record to indicate that Witkovsky was afforded the
opportunity to express in writing his agreement or disagreement with the
modification and, if he disagreed, to have the modification referred to the
judge for modification as provided by section 22.  See id.; see also Taylor v. State,
592 S.W.2d 614, 616, n.1 (Tex. Crim. App. 1980) (AWe
pause to note our disapproval of an oral modification of the terms of
probation.@).








We
note that the record shows that Witkovsky participated in Strain=s
sex offender treatment program for one and one-half years before being
discharged from the program.  In Brown
v. State, the court of criminal appeals held that the trial court abused
its discretion by revoking Brown=s
probation on the basis of his failure to comply with the condition of probation
that he A[r]eport
to the probation officer [a]s directed@
because A[s]uch
requirement standing alone constitutes an improper delegation of the setting of
terms of probation to the probation officer.@  508 S.W.2d 366, 368 (Tex. Crim. App. 1974); see
also Parsons v. State, 513 S.W.2d 554, 555 (Tex. Crim. App. 1974) (holding
that the condition in appellant=s
probation order that he report to the probation officer Aas
directed@ was
unenforceable as an improper delegation of authority to the probation
officer).  The court observed, however,

The
exercise of improperly delegated authority by a probation officer cannot make
the delegation effective, although on different facts, where parties over a
period of time have accepted such a delegation of authority as shown by the
course of conduct between them, a probationer may be estopped from objecting to
being held to the duty assumed.

 








Brown,
508 S.W.2d at 368 (emphasis added).  In
this case, although Witkovsky participated in Strain=s
sex offender treatment program for one and one-half years, we cannot conclude
that the estoppel consideration detailed in Brown applies to preclude
Witkovsky from challenging the validity of the modified condition for which his
community supervision was revoked because, unlike the condition in Brown,
the modified condition on which the trial court revoked Witkovsky=s community
supervision in this caseCfailing to complete a sex
offender treatment program due to an unsuccessful discharge from Strain=s
programCdoes
not constitute or involve an improper delegation of the trial court=s
authority.  Rather, as explained above,
the modified condition in this case involves no delegation of the trial
court=s
authority at allCwhether improper or
otherwise.  In contravention of article
42.12, section 10(a)=s requirement that only the
judge may alter conditions of community supervision, Slawson unilaterally
modified Witkovsky=s condition of community
supervision requiring that he attend and successfully complete a sex offender
treatment program when she transferred him from Clark=s
sex offender treatment program to Strain=s
sex offender treatment program.

Where
there is no showing that the terms or conditions of community supervision were
modified, a person=s community supervision
cannot be revoked for failure to meet the modified terms.  See Kelly v. State, 627 S.W.2d 826,
827 (Tex. App.CTyler
1982, no pet.) (citing Ivy v. State, 545 S.W.2d 827 (Tex. Crim. App.
1977)).  Here, Witkovsky=s
community supervision was modified, but it was modified unilaterally, without
court authorization.  Accordingly,
because Slawson was not authorized to modify Witkovsky=s
community supervision by transferring him from Clark=s
sex offender treatment program to Strain=s
sex offender treatment program, we hold that the trial court abused its
discretion by revoking Witkovsky=s
community supervision on the basis of his failure to successfully complete
Strain=s
sex offender treatment program.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 10(a),
(d); Rickels, 202 S.W.3d at 763; Cobb, 851 S.W.2d at 873.  We sustain Witkovsky=s
first issue.  Having sustained Witkovsky=s
first issue, we need not address his second, third, and fourth issues.  See Tex. R. App. P. 47.1.

VI.  Petition for Discretionary Review













The
State has filed a petition for discretionary review.  It does not challenge any of the analysis
above regarding Slawson=s unilateral modification of
Witkovsky=s community
supervision.  Instead, it argues that
this court failed to consider Aalternative
reasons@ for
concluding that the trial court did not abuse its discretion by revoking Witkovsky=s
community supervision.  The lone Aalternative
reason@
identified by the State for concluding that the trial court did not abuse its
discretion by revoking community supervision concerns the requirement contained
in condition number two of Witkovsky=s
community supervision (set out in full in section II above) providing that he A[a]ssume
responsibility for [his] offense.@  Assuming, as the State contends, that this
part of condition number two is an independent ground or condition on which the
trial court could have revoked Witkovsky=s
community supervision, the unchallenged analysis above regarding Slawson=s
unilateral modification of Witkovsky=s
community supervision forecloses any possibility that the trial court could
have based its decision to revoke Witkovsky=s
community supervision on his failure to assume responsibility for his
offense.  This is because the only
grounds alleged by the State in support of its petition to revoke complain of
Witkovsky=s
poor progress on treatment plan goals and his failure to be honest about and
take responsibility for his offense in regard to his unsuccessful discharge from
Strain=s
sex offender treatment program.[3]  The State accordingly expressly limited the
grounds on which it sought to have Witkovsky=s
community supervision revoked to only those relating to and underlying his
unsuccessful discharge from Strain=s sex
offender treatment program.  Having
determined above that Slawson was never even authorized to modify Witkovsky=s
community supervision by transferring him from Clark=s
sex offender treatment program to Strain=s
sex offender treatment program, it makes no difference in this appeal whether
or not Witkovsky assumed responsibility for his offense while participating in
Strain=s
sex offender treatment program. 
Accordingly, there is no Aalternative
reason@
alleged in the State=s petition to revoke on
which the trial court could have properly revoked Witkovsky=s
community supervision.

VII.  Conclusion

Having
sustained Witkovsky=s first issue, we reverse
the trial court=s judgment revoking
Witkovsky=s
community supervision and remand the cause to the trial court.

 

 

BILL MEIER

JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

PUBLISH

 

DELIVERED:  June 24, 2010











[1]Both Cross and
Slawson testified that Witkovsky was in Aftercare at the time of the Achaperone approval
meeting@ on February 8,
2007.  Their testimony is consistent with
several letters that Clark sent to Slawson. 
The trial court admitted a July 11, 2006 letter from Clark to Slawson
stating that AWitkovsky has
successfully completed his treatment plan@ and that he Ais now being
transferred to Aftercare.@  The trial court admitted another letter dated
October 11, 2006, from Clark to Slawson updating Slawson on Witkovsky=s attendance in
Aftercare, stating that Witkovsky Ais now only required to attend Aftercare once
per month@ and that he Awill attend Aftercare
on the third Wednesday of every month at 8 p.m.@





[2]Even if the trial
court had authorized Slawson to transfer Witkovsky to a different program
within the community supervision continuum of programs pursuant to section
10(d), which it did not, we question whether Slawson=s action of assigning
Witkovsky to Strain=s sex offender
treatment program to begin counseling Aall over again@ (as characterized by
Cross) instead of assigning Witkovsky to an Aftercare program constituted a Atransfer@ as contemplated by
section 10(d) because Witkovsky had already completed sex offender counseling
with Clark and was participating in Clark=s Aftercare program.





[3]Specifically, the
State alleged that Witkovsky had violated condition number two of his community
supervision only as follows:

 

[O]n or about August
5, 2008 the defendant was discharged unsuccessfully from Michael Strain and
Associates Sex Offender Treatment, due to his poor progress on treatment
plan goals and for his failure to be honest about and take responsibility for
his sexual offense.  [Emphasis added.]

 

We further note that although the State=s petition to revoke
alleges Witkovsky=s Afailure to
. . . take responsibility for his sexual offense,@ the offense
Witkovsky pleaded guilty to was injury to a child.