

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00246-CR
No. 07-15-00286-CR
_____

RICKY DAN ALLEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 17917A; Honorable Dan Schaap, Presiding

May 10, 2016

## ORDER DENYING STATE'S MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On April 13, 2016, this court handed down an opinion in this case reversing the judgments of the trial court revoking Appellant's deferred adjudication community supervision. On April 26, 2016, the Randall County Criminal District Attorney's Office filed its motion for rehearing rearguing its position that the trial court did not abuse its discretion in rendering its original decision. Remaining convinced the trial court abused

its discretion in revoking Appellant's deferred adjudication, we deny the State's motion for rehearing with these additional comments.

In our original opinion, we noted that a trial court's authority to revoke community supervision is limited by the allegations of which the probationer has due notice—i.e., those contained in the written motion to revoke. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). The State contends we construed that requirement too narrowly by failing to construe evidence of a single failure to report as a violation of the condition that Appellant "participate and complete" a program requiring him "to report to the supervision officer as directed by the Court or supervision officer, but at least twice monthly . . . ." By its motion, the State contends Appellant violated this condition because "[Appellant's probation officer] <u>directed</u> the appellant to report to the probation department on February 13, 2015," and Appellant did not report on that date.

Not only was this allegation not contained in the written motion to revoke, it is well established that a trial court cannot delegate its duty and responsibility for determining the conditions of community supervision to the probation officer or anyone else. *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978); *Salmons v. State*, 571 S.W.2d 29, 30 (Tex. Crim. App. 1978); *Smith v. State*, 527 S.W.2d 896, 897 (Tex. Crim. App. 1975); *Parsons v. State*, 513 S.W.2d 554 (Tex Crim. App. 1974); *Brown v. State*, 508 S.W.2d 366 (Tex. Crim. App. 1974); *DeLeon v. State*, 466 S.W.2d 573 (Tex. Crim. App. 1971); *Cox v. State*, 445 S.W.2d 200 (Tex. Crim. App. 1969); *McDonald v. State*, 442 S.W.2d 386 (Tex. Crim. App. 1969).

In this case, the State takes the position that a single violation of an oral order of a probation officer supersedes the clear and specific written order of the court that

Appellant report twice monthly. The record reflects the order became effective in February of 2015 and Appellant reported twice that month. The State filed its motion to proceed twenty days later without even alleging the violation of this oral directive as a violation of the conditions of community supervision. Under the circumstances of this case, we remain convinced the trial court's revocation of deferred adjudication was an abuse of discretion. Accordingly, the State's motion for rehearing is denied.


Patrick A. Pirtle
Justice


Do not publish.

3