**Boyce Paul ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67501.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 24, 1981.

---

**7.** The record reflects that appellant failed to request findings of fact and conclusions of law.

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty., R. K. Weaver, Martin L. LeNoir and Donald M. Land, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

### OPINION

DALLY, Judge.

This is an appeal from an order revoking probation. The offense is theft over $200; the punishment, imprisonment for two years.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. See *Gai-*

nous v. State, 436 S.W.2d 137 (Tex.Cr.App. 1969); *Jackson v. State*, 485 S.W.2d 553 (Tex.Cr.App.1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978). A copy of counsel's brief has been delivered to appellant and appellant has been advised that he would be given an opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed.

The record reflects that appellant entered a plea of "true" to the State's motion to revoke and judicially confessed to violating his probation.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

Appellant appeals an order of the trial court revoking his probation.

The record reflects that on October 19, 1979, after pleading guilty to an indictment charging him with felony theft, and being found guilty, the trial court placed appellant on probation for a period of two years, ordering him to comply with certain conditions of probation during the term of probation.

On October 9, 1980, after a hearing, the trial court revoked appellant's probation, finding that appellant failed to report to his probation officer, as set out in the conditions of probation.

The condition of probation that is at issue is as follows:

(d) Report to the probation officer, as directed, to-wit: monthly.

The Order Revoking Appellant's Probation tracks this condition verbatim.

I have serious misgivings over the validity of the condition of probation as it is worded. Recently, in *Harris v. State*, 608 S.W.2d 229 (1980), Judge W. C. Davis, writ-

ing for a unanimous panel of this Court, said:

\* \* \* \* \* \*

In three grounds of error, the appellant complains that the trial court abused its discretion in revoking his probation on the ground that he violated condition number six of his probation, '6. Report to the Probation officer as required.' We agree. The order to revoke probation for violation of this condition cannot be sustained because this condition is so vague and indefinite that it cannot be enforced; it does not inform the probationer with sufficient certainty of what he is to do. See *Curtis v. State*, 548 S.W.2d 57 (Tex. Cr.App.1977); *Aguilar v. State*, 542 S.W.2d 871 (Tex.Cr.App.1976); *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974). See also, *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978). . . .

\* \* \* \* \* \*

An analysis of this condition shows that the appellant was to report to an unknown person at an unknown time and place once a month.[1] It does not inform the probationer with sufficient certainty of what he is to do. Conditions of probation should be clearly set out in the probation order by the judge granting probation so that the probationer and the authorities may know with certainty what the conditions are. Cf. *Cox v. State*, 445 S.W.2d 200, 201 (Tex.Cr.App. 1969). The wording of this condition borders upon an unauthorized delegation of authority by the court to some unnamed probation officer. See *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974).

The State's motion to revoke appellant's probation alleged, in part, that appellant had violated his probation because he failed

to report "to the Probation Officer as directed for the months of April and August, 1980." The trial court's order of revocation merely found that appellant "failed to report to the probation officer as directed, to-wit: Monthly," without making a specific finding as to when appellant failed to report.

The evidence at the hearing reflects that appellant signed a form entitled, "Plea of True and Stipulation of Evidence in Probation Revocation Hearing," wherein appellant admitted that he "failed to report to the probation office [sic] as directed although I was able to report and could have reported during the following period [sic] of time: April and August 1980," which document was admitted into evidence without objection.

The record of the hearing does not show that the appellant entered a plea of true to the motion to revoke probation, but shows only that his attorney made such a statement to the trial court. The appellant was never arraigned by the trial court on the State's motion to revoke probation.

Bob Overstreet, apparently appellant's probation officer, testified that appellant did not report "for the months of April and August, 1980." However, his testimony also showed that appellant came to the probation office on July 30, 1980, and received a "travel permit" to go to Harris County for 30 days. There was discussion about transferring appellant to Harris County. Appellant was specifically instructed to report in person to Overstreet on August 29, 1980, "with information regarding his address, paycheck stubs, and at that time we would officially transfer him to Harris County." However, appellant was arrested

---

1. I strongly urge trial courts to change the wording of this condition of probation so that the probationer will know with sufficient certainty what he is to do, when he is to do it, and where he is to perform the condition. Although I do not vote today to declare this condition void, the Court has held that a condition "Report to the probation officer as directed," is so vague and indefinite that it cannot be

enforced, see *Curtis v. State*, 548 S.W.2d 57, 58 (Tex.Cr.App.1977); and *Parsons v. State*, supra. Likewise, "Report to the probation officer as required," is an unenforceable condition, see *Harris*, supra. However, I adhere to the rule announced in *Brown v. State*, 508 S.W.2d 366 (Tex.Cr.App.1974), that estoppel may be applicable to such a condition.

on August 9, 1980, for committing two aggravated assaults. He was subsequently found not guilty of these offenses by the trial court in this joint trial-revocation hearing.

The State's motion to revoke was not filed until September 29, 1980, although a report of probation violation was filed on September 25, 1980. The record before us does not show whether or not appellant was continuously confined from August 9, 1980, until the date of the hearing. The record does show, by Overstreet's testimony, that appellant reported in person to him on September 2, 1980. Whether this means Overstreet went to where appellant was or vice versa is not shown by the record. Additionally, Overstreet testified that appellant telephoned him long distance from Houston on August 4, 1980, and informed Overstreet he was living with and working for his father in Houston.

I find from the above testimony that appellant, for the month of August, 1980, satisfied the condition of the court that he "report to the probation officer, as directed, to-wit: monthly." The condition of probation did not tell the appellant to report in person; merely, "report to the probation officer, as directed, to-wit: monthly." Appellant's written admission is for naught as it was apparently entered into and signed on the premise that he violated the condition when he did not satisfy the Overstreet's unauthorized and, therefore, unlawful[3] instruction that he report on August 29, 1980. He did report to Overstreet during the month of August, albeit [it was] by telephone. He satisfied the condition of probation for August, 1980.[4]

The above holding leaves me with the question of whether the trial court abused its discretion in revoking appellant's probation for failing to report in April, 1980, at least six months prior to the hearing. Other than the allegations concerning failure to report during the months of April and August, 1980, the only other allegation in the motion concerned criminal offenses of which appellant was found not guilty. The Order Revoking Probation merely states that appellant violated his probation because he failed to "(d) Report to the probation officer as directed, to-wit: monthly." The trial court made no finding that the alleged criminal offenses constituted a violation of the probation.

There also is no showing that since appellant received his probation, except possibly for the month of April, 1980, he has not satisfied all of the terms and conditions of probation originally imposed.

Based upon the evidence before us, I find that the trial court abused its discretion in ordering appellant's probation revoked for failure to report to an unnamed probation officer on an unknown day and at an unknown time at an unknown place during the month of April, 1980.

The order revoked appellant's probation should be set aside and the cause remanded to the trial court.

For the above reasons I dissent.

3. See *Parsons, supra,* at 555, and *Brown v. State,* 508 S.W.2d 366 (Tex.Cr.App.1974).

4. Although it is recognized that the sufficiency of the evidence in a revocation of probation hearing cannot be challenged in the face of a plea of true, see *Benoit v. State,* 561 S.W.2d 810, 818 (Tex.Cr.App.1977); *Mitchell v. State,* 482 S.W.2d 221 (Tex.Cr.App.1972), and that a plea of guilty, supported by a judicial admission or confession, will satisfy the mandate of Art. 1.15, V.A.C.C.P., *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), the trial court in this cause chose not to rely on these rules, but instead received evidence on the allegations in the motion to revoke the probation. By all of the evidence adduced at the hearing, the evidence is insufficient, by a preponderance of the evidence, *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974), to sustain the failure to report allegation for the month of August, 1980. Appellant did not personally enter a plea of true and there was no arraignment of appellant prior to the hearing. Of course, it is recognized that neither a plea nor an admonishment is required in a revocation of probation proceeding. See *McNew v. State,* 608 S.W.2d 166, 177 (Tex.Cr.App.1980); *Detrich v. State,* 545 S.W.2d 835, 837 (Tex.Cr.App.1977).