ACCEPTED
03-14-00740-CR
5247800
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/12/2015 12:36:01 PM
JEFFREY D. KYLE
CLERK

No.   03 - 14 - 00740 -CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/12/2015 12:36:01 PM
JEFFREY D. KYLE   Clerk

IN THE THIRD  DISTRICT  COURT  OF APPEALS
AT AUSTIN, TEXAS

==================================================

# ARMANDO OCHOA,

Appellant

v.

# THE STATE OF TEXAS,

Appellee

==================================================

Brief pursuant to *Anders v. California* from Conviction
in Cause Number   D-1-DC-14-202835
in the 299TH    District Court of Travis County, Texas,
Hon.  Karen Sage, Presiding Judge

==================================================

SECOND CORRECTED ANDERS BRIEF FOR APPELLANT

==================================================

Respectfully submitted,

Law Office of Alexander L. Calhoun
4301 W. William Cannon Dr., Ste. B-150, # 260
Austin, TX 78749
Tele: 512/ 420-8850
Fax: 512/ 233-5946
Cell: 512/731-3159
Email: alcalhoun@earthlink.net

Oral Argument is Not Requested

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Certificate of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Point of Error One. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

It is the undersigned attorney's professional evaluation of the record that the instant appeal is frivolous and without merit. *See*, *High v. State*, 573 S.W.2d 807 (Tex.Cr.App. 1978); *Roberson v. State*, 617 S.W.2d 708 (Tex.Cr.App. 1981), *and, Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Facts Relevant to Appeal.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Point of Error (Restated). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Professional Evaluation of Potential Issues. . . . . . . . . . . . . . . . . . . . . . . . . 8

Prayer For Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# CERTIFICATE OF PARTIES

Pursuant to Rule 38.1(a), Tex.R.App. Pro., Appellant presents the following persons who are parties to, or have an interest in the final judgment in this cause:

| | |
|---|---|
| Armando Ochoa, Appellant<br>TDCJ # 01965598 | Texas Department of Criminal Justice Correctional Institutional Division, Lyncher Unit. |
| Alexander L. Calhoun, Appellate Counsel | 4301 W. William Cannon Dr., Ste. B-150, # 260 Austin, TX 78749 |
| Fernando Martinez, Trial Counsel | 1604 San Antonio, Austin, TX 78701 |
| Mary Farrington & Charles Arnone State's Trial Counsel | Travis County District Attorney's Office, 509 West 11th Street, Austin, TX 78701 |
| Rosemary Lehmberg, Travis County DA | Travis County District Attorney's Office, 509 West 11th Street, Austin, TX 78701 |
| Hon. Karen Sage 299th District Court | Blackwell-Thurman Justice Complex, 509 W. 11th St., Austin, TX 78701 |

# INDEX OF AUTHORITIES

Cases:

*Alcorta v. Texas*,   355 U.S. 28 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Anders v. California*, 386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Bray v. State*,   179 S.W.3d 725  (Tex.App. - Ft. Worth 2005). . . . . . . . . . . . . . . 8

*Carraway v. State*, 560 S.W.2d 690 (Tex.Cr.App. 1978). . . . . . . . . . . . . . . . . . . 7

*Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App. 1974). . . . . . . . . . . . . . . . . . . . 2, 7

*Ex parte Ghahremani*, 332 S.W.3d 470 (Tex.Cr.App. 2011). . . . . . . . . . . . . . 9, 10

*Ex parte Robbins*, 360 S.W.3d 446 (Tex.Cr.App. 2011). . . . . . . . . . . . . . . . . . 9

*Ex parte Weinstein*, 421 S.W.3d 656 (Tex.Cr.App. 2014). . . . . . . . . . . . . . . . 9, 10

*Giglio v. United States*,   405 U.S.  150 (1972). . . . . . . . . . . . . . . . . . . . . . . . . 9

*High v. State*,  573 S.W.2d 807 (Tex.Cr.App. 1978). . . . . . . . . . . . . . . . 1, 2, 7, 14

*In re Schulman*,   252 S.W.3d 403 (Tex.Cr.App. 2008). . . . . . . . . . . . . . . . . . . . 7

*Jordan v. State*, 979 S.W.2d 75 (Tex.App. – Austin 1998). . . . . . . . . . . . . . . . . . 7

*McCoy v. Wisconsin,* 486 U.S. 429  (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Misenhimer v. State*, 560 S.W.2d 98 (Tex.Cr.App. 1977). . . . . . . . . . . . . . . . . . 7

*Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App. 1991). . . . . . . . . . . . . . 12, 13

*Motilla v. State*, 78 S.W.3d 352 (Tex.Cr.App. 2002). . . . . . . . . . . . . . . . . . . . 14

*Nichols v. State*, 954 S.W.2d 83  (Tex.App.-San Antonio 1997). . . . . . . . . . . . . . 8

*Ramirez v. State*, 96 S.W.3d 386 (Tex.App. – Austin 2002) . . . . . . . . . . . . . . . . . 9

*Rankin v. State*, 974 S.W.2d 707 (Tex.Cr.App. 1996). . . . . . . . . . . . . . . . . . . . 12

*Roberson v. State*, 617 S.W.2d 708 (Tex.Cr.App. 1981). . . . . . . . . . . . . . . . . . 2, 7

*Sanders v. State*,  422 S.W.3d 809  (Tex.App.-Ft. Worth 2014). . . . . . . . . . . . . 13

*Stafford v. State*,  813 S.W.2d 503 (Tex.Cr.App. 1991). . . . . . . . . . . . . . . . . . . . . 8

*Taylor v. State*,  920 S.W.2d 319 (Tex.Cr.App. 1996) . . . . . . . . . . . . . . . . . . . . 13

*Turner v. State*, 715 S.W.2d 847 (Tex.App.-Hous. (14 Dist.) 1986). . . . . . . . . . 12

*United States v. Agurs*, 427 U.S. 97 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes and Rules:

Tex.Penal Code § 12.42(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex.Penal Code § 22.01(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex.Penal Code § 22.01 (b)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex.R.App.Pro. Rule 44.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex.R.App.Pro. Rule 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

Tex.R.Evid Rule 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex.R.Evid. Rule 402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex.R.Evid. Rule  403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Miscellaneous Authorities</u>

42 George E. Dix & Robert O. Dawson, <u>Texas Practice</u>:
Criminal Practice and Procedure § 22.53 (2nd Ed. 2002). . . . . . . . . . . . . . . . . . . . . 9

**TO THE HONORABLE JUDGES OF THE COURT OF APPEALS**:

COMES NOW, before the Court, ARMANDO OCHOA, through the undersigned counsel, and who, upon reviewing Appellant's trial, believes the case to be without merit, and therefore files the following brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *and*, *High v. State*, 573 S.W.2d 807 (Tex.Cr.App. 1978), and would request this Court permit Appellant the opportunity to personally review the case and present a brief of any merits he believes to exist, and for the Court to independently review this case for merit, and if it finds the appeal to be merritless, to permit counsel to withdraw. In support, counsel would show the Court as follows:

## STATEMENT OF THE CASE

Appellant was charged in a multi- count Indictment with felony Assault – Family Violence, enhanced by a conviction [Clerk's Record (hereinafter "C.R.":) 16 - 17]. The jury convicted Appellant of the charged offense. [C.R.: 60, 63, 68 - 69]. The trial court assessed a sentence at 14 years in the Texas Department of Criminal Justice – Criminal Institution Division. [C.R.: 63, 68 - 69].

Appellant timely filed a notice of appeal. [C.R.: 72]. Pursuant to an extension of time to file the brief, the brief is due by May 20, 2015.

## POINT OF ERROR

It is the undersigned attorney's professional evaluation of the record that the instant appeal is frivolous and without merit, either because the complained of actions are not legal errors, or because the erroneous rulings did not likely harm Appellant, in that both individually and cumulatively, they are either harmless under Tex.R.App.Pro. Rule 44.2(a), or did not result in a substantial likelihood of harm under Tex.R.App.Pro. Rule 44.2(b). *See*, *High v. State*, 573 S.W.2d 807 (Tex.Cr.App. 1978), *Roberson v. State*, 617 S.W.2d 708 (Tex.Cr.App. 1981), *and, Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App. 1974).

## SUMMARY OF THE ARGUMENT

After a thorough review of the appellate record in this case, the undersigned counsel believes that all grounds for this appeal are meritless, either because the complained of actions do not constitute error, or because the error would have had no likely effect upon Appellant's substantial rights, and are therefore harmless.

## FACTS RELEVANT TO APPEAL

Appellant was charged by indictment with Assault with Bodily Injury against Mayra Flores, a family-household member, or with whom Appellant had a dating relationship, enhanced to felony by two prior misdemeanor convictions, in violation of Tex.Penal Code § 22.01(a)(1), (b)(2)(A). [C.R.: 16]. The charge was enhanced

by a prior felony conviction for Burglary of a Habitation. Tex.Penal Code § 12.42(a). [C.R.: 17].

Mayra Flores, the complaint, testified that she and Appellant had a five-year-old son together, I****, and had been in a "husband and wife"-type relationship for five years. [5 R.R.: 20]. Mayra had Appellant had cohabited, but separated in April 2014. On May 11, 2014, Appellant asked Mayra to attend a family gathering with him. [5 R.R.: 21, 38]. Mayra and I**** attended the gathering, but Mayra asked to leave early. [5 R.R.: 22 - 23, 40]. As she was driving Appellant home, he asked to come home with her. [5 R.R.: 23, 40]. She related that Appellant had been angry with her talking to a male at the party, and started striking her. [5 R.R.: 24 - 25, 40]. Appellant struck her several times, his blows landing in the face and arms, one blow splitting her ear. [5 R.R.: 25 - 27]. He also grabbed her arms. [5 R.R.: 27 - 28].

Mayra drove them to her apartment, where she was hosting her cousin, Kristen Barrientes. [5 R.R.: 29, 46]. Arriving home, Mayra went to the bathroom to clean up. Appellant followed her and told they were going to return to the party. [5 R.R. 30]. Mayra left Appellant in the bathroom and went to her room to find a clean shirt. Her cousin, Kristen came into the room, and Mayra asked to call the police. [5 R.R. 30, 46- 47]. When the police arrived, she reported the assault and they arrested

Appellant. [5 R.R. 30].

Appellant subsequently called her from jail to discuss the assault. The call was recorded, admitted into evidence and published to the jury as State's Exhibit 14. [5 R.R.: 35 - 36].

Kristen Barrientes, Mayra's cousin, also testified. Kristen was staying with Mayra and her son in Mayra's apartment. [5 R.R.: 53]. She was sitting outside her cousin's apartment on the day of the assault and observed Mayra and Appellant drive up when they returned from the party. [5 R.R.: 53 - 54]. Mayra and Appellant sat in the car for a few moments, then Mayra exited, crying, and went into the apartment, followed by Appellant. Kristen also went inside. Appellant and Mayra were inside the bathroom arguing. [5 R.R.: 54]. Mayra emerged shirtless and with a bloody face. She went to her room, followed by Kristen, and told Kristen to call the police. [5 R.R.: 55- 56]. Kristen called 911 and the police shortly arrived. [5 R.R.: 56 - 57]. A recording of Kristen's 911 call, State's Exhibit 12, was admitted into evidence and published to the jury. [5 R.R.: 56 - 57].

Travis County EMS was called to the complainant's apartment. EMT Kevin Redd testified about the complainant's recitation of the assault, contained in the "run report" admitted as State's Exhibit 9, and of his observations of her injuries. [5 R.R.: 63 - 66, 67 - 70].

Austin Police Department officer Derrick Lehman testified on his response to the 911 call by Barrientes. Lehman and officer Walsh found both Appellant and Mayra in the apartment, separated the two and interviewed them. [5 R.R.: 75 - 76, 80]. Mayra was upset and had visible injuries to her face and arms. [5 R.R.: 75, 79 - 80]. Lehman observed Appellant had a cut to his hand, which Appellant attributed to his job laying carpet. [5 R.R.: 76]. Following the investigation, Appellant was arrested. A recording of his reaction to the arrest, captured from the squad car camera was admitted over objection as State's Exhibit 11 and published to the jury. [5 R.R.: 77 - 79].

Appellant admitted to a prior conviction for assaulting Mayra in May 2010 in Hays County, to which Appellant stipulated. [5 R.R.: 36; State's Exhibit 10 & 15].

The defense presented no witnesses at guilt-innocence. [5 R.R.: 82 - 84].

The jury convicted Appellant of the charged offense. [5 R.R.: 97 - 98].

Punishment was held to the court. Appellant plead true to the enhancement paragraph. [5 R.R.: 101 - 102]. The State admitted without objection evidence of several prior convictions, misdemeanor Assault - Family Violence (State's Exhibit 13), Burglary of a Habitation (State's Exhibit 17), Possession of Marijuana (State's Exhibit 18), a 12.44(a) resolution for Possession of a Controlled Substance (State's Exhibit 19), Evading Arrest (State's Exhibit 20), and Burglary of a Motor Vehicle

(State's Exhibit 21). [5 R.R.: 103 - 104]. Mayra made a return performance in which she related several prior instances of physical and emotional abuse by Appellant, his lack of financial support for the family, and attributed their son's misbehavior to his father's poor influence. [5 R.R.: 106 - 120].

Appellant testified at punishment, admitting to the altercation with Mayra but contended he had been intoxicated and had not intended her injuries. [5 R.R.: 132 - 137, 139, 141]. He related that he and Mayra had a mutually contentious relationship and at times, she had injured Appellant [5 R.R.: 137, 139 - 140].

The court assessed a sentence of 14 years imprisonment. [6 R.R.: 7].

## SUMMARY OF THE ARGUMENTS

1. Following a thorough review of the record and legal evaluation of the issues arising from that review, it is counsel's opinion, although it is a close call, that the several potential errors at trial likely did not have a substantial and injurious effect upon the verdict, and were therefore harmless. Counsel has nevertheless identified all possible preserved errors, as well record-based instances of possible ineffective assistance of counsel for this Court to conduct its own independent review.

## POINT OF ERROR (RESTATED)

Following a review of the record and research into the potential grounds of error resulting from the trial proceedings, it is the undersigned attorney's professional

evaluation of the record that the instant appeal is frivolous and without merit. *See*, *Anders*, 386 U.S. 738,    *Roberson*, 617 S.W.2d 708, *High*, 573 S.W.2d 807;  *and*, *Currie*, 512 S.W.2d 684.

## ARGUMENT AND AUTHORITIES

In *Roberson v. State*, the Texas Court of Criminal Appeals specifically approved an appellate brief which concluded an appeal was frivolous and without merit.  The Court held such a brief must present a professional evaluation of the defendant's appeal to meet  the requisites of *Anders, supra*.  *Roberson*, 617 S.W.2d at 709.  *See also*,  *McCoy v. Wisconsin,* 486 U.S. 429, 441- 444 (1988).    Counsel is authorized to provide the appellate court a professional evaluation that the defendant's appeal is frivolous, and is not required to present to the Court of Appeals all "arguable" grounds as discussed in *Anders*.  *See*,  *Carraway v. State*, 560 S.W.2d 690 (Tex.Cr.App. 1978);  *Misenhimer v. State*, 560 S.W.2d 98 (Tex.Cr.App. 1977); *and*, *Jordan v. State*, 979 S.W.2d 75, 78 (Tex.App. – Austin 1998).   The Court of Criminal Appeals has recognized no obligation on the part of appellate counsel to advance arguments which, in the light counsel's professional evaluation, lack merit or are frivolous.  *Currie*, 516 S.W.2d at 684.

Upon presentation of an *Anders* brief, the court of appeals has an obligation to conduct a thorough and independent review of the case to determine whether there

are potential merits which have been overlooked by counsel. *In re Schulman*, 252 S.W.3d 403, 407 - 409 (Tex.Cr.App. 2008); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991); *Bray v. State*, 179 S.W.3d 725, 727 (Tex.App. - Ft. Worth 2005); *and*, *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997).

## PROFESSIONAL EVALUATION OF POTENTIAL ISSUES

The undersigned counsel would respectfully show this Court that after an exhaustive review of the record in this case, the instant appeal is frivolous and without merit. Nevertheless, counsel has identified the following potential errors, which in his professional judgment and for the explained reasons, he believes to be frivolous:

1. <u>Whether the State presented false or misleading evidence through the 911 call by Kristen Barrientes that Appellant was currently assaulting the complainant in the apartment.</u>

The trial court admitted and published the recording of Kristen Barrientes' 911 phone call to the police, State's Exhibit 12. [5 R.R.: 56 - 57]. In the recording, Barrientes asserted that Appellant was in the process of assaulting Mayra in the apartment and suggested that Kristen had observed an ongoing physical assault.

The actual testimony reflected otherwise. During *cross-examination*, Mayra denied Appellant struck her inside the apartment, or that she had told her cousin that he was hitting her. [5 R.R.: 47 - 48]. She stated unequivocally that the assault

began and ended in the car returning from the party. [5 R.R.: 48].

Kristen Barrientes also testified *on cross-examination* that she had not seen any physical altercation in the car or inside the apartment. [5 R.R.: 58 - 61]. Nor had she seen any altercation as Appellant and Mayra walked to the apartment from the car. [5 R.R.: 59]. She also explained that while she had earlier characterized Mayra as "screaming," she had actually only been arguing in the bathroom. [5 R.R.: 60 - 61].

By offering and publishing Barrientes' 911 call, in which she claimed an ongoing, current physical assault by Appellant on Mayra, the State violated Appellant's right to Due Process and Due Course of law by presenting false or misleading evidence.

The State violates a defendant's right to due process of law by presenting material false or misleading testimony at trial, or allows such testimony to go uncorrected after it has been given. *Giglio v. United States*, 405 U.S. 150, 153 - 155 (1972); *Alcorta v. Texas*, 355 U.S. 28 (1957); *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex.Cr.App. 2014); *Ex parte Robbins*, 360 S.W.3d 446, 459 - 460 (Tex.Cr.App. 2011). It is not necessary to prove that the testimony was "technically incorrect of 'false' . . . [merely that] . . . the witness' testimony gives the trier of fact a false impression." *Ramirez v. State*, 96 S.W.3d 386, 395 (Tex.App. – Austin 2002) (citing 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice

and Procedure § 22.53 (2nd Ed. 2002)).  *See also*, *Ex parte Ghahremani*, 332 S.W.3d 470, 477 & n.14 (Tex.Cr.App. 2011).    Even if the prosecutor is unaware of the falsity of the evidence, it is enough that he or she should have recognized the misleading nature of the evidence.    *Ghahremani*, 332 S.W.3d at 477.    False evidence is misleading when it creates a material likelihood that it affected the judgement of the verdict.    *United States v. Agurs*, 427 U.S. 97,  103 - 104 (1976); *and*,  *Weinstein*, 421 S.W.3d at 665.

The State's presentation of State's Exhibit 12 was both false and misleading through conveying that Kristen had directly observed an ongoing assault, as opposed to merely construing that a physical altercation had occurred and then inferred that Appellant had been the aggressor and her cousin the victim.  The 911 recording presented Kristen as a direct witness to an actual assault.  In light of both hers and Mayra's testimony on cross-examination at trial, she was not a witness to an assault, merely an observer of the aftermath of some altercation which had occurred earlier. The misleading nature was material because it tended to refute the implications raised by counsel in cross-examination of Mayra that there had been a mutual – and unseen – altercation in the car, arising from her sexual jealousy of Appellant's attentions to another woman at the family gathering.   Kristen's statements in the 911 tape tended to refute this defensive theory by implying that she was a direct witness to Appellant

assaulting Mayra.

While the State presented this false and misleading testimony, and did not correct it once it had been made, the undersigned counsel believes the issue is undermined by the fact that defense counsel did elicit from Kristen on cross-examination that her statements on the 911 tape had been false. And he similarly elicited from Mayra that there had been no assault after arriving at her apartment. Thus, while the 911 tape was false and misleading, the falsity was exposed to the jury the jury on cross-examination. Although this might not have completely alleviated the prejudicial impact of the jury's initial exposure to the false and misleading recording, *Giglio/Alcorta* error is premised on the unexposed falsity of evidence. The undersigned counsel is unaware of any precedent arising out of exposed false or misleading evidence. For this reason, counsel believes the current potential issue is without merit.

§§§

2. <u>Whether the trial court erred in admitting State's Exhibit 11, a dash-board video recording of Appellant's arrest because the recording was not relevant to any contested issue at trial and was only admitted to show Appellant's "flippant" nature.</u>

Following Appellant's arrest, he was taken to a patrol car where his outbursts, apparently to an off-camera Kristen Barrientes, were recorded on the squad car

camera. [5 R.R.: 77]. Appellant objected to State's Exhibit 11 on the ground that it was not relevant and that any relevance was outweighed by its prejudicial value. [5 R.R.: 78]. The prosecutor urged the video was admissible on the ground that it "shows his demeanor that night. He was very flippant. He was yelling things at the witness who just testified, who called 911. It shows his demeanor." [5 R.R.: 78]. The court admitted the exhibit and permitted it to be published to the jury. [5 R.R.: 79]. In the video, Appellant is depicted as hand cuffed and being moved toward the squad car. He made assertions which were dismissive of the charge, claimed that he will be out of jail on bond, but did not make any admissions to committing the offense. The complainant nor any other witness appeared on the video.

The trial court abused its discretion in admitting the video because it was irrelevant. Texas Rule of Evidence 404(b), while broad, is not unlimited; it is circumscribed by the basic requirement that evidence be relevant. *See Turner v. State*, 715 S.W.2d 847, 851 (Tex.App.-Hous. (14 Dist.) 1986). Evidence of conduct extraneous to the charged offense is not admissible unless it is relevant to a fact of consequence in the case. *Rankin v. State*, 974 S.W.2d 707, 709 (Tex.Cr.App. 1996). To be relevant, the evidence must make either more or less probable an element of fact, either directly, or by logical inference. *Id.*, at 709 - 710 (citing *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Cr.App. 1991)). If evidence is not relevant, it flatly

inadmissible and must be excluded. Tex.R.Evid. Rule 402.

Even if the trial court finds extraneous misconduct generally relevant, it must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Taylor v. State*, 920 S.W.2d 319, 322 (Tex.Cr.App. 1996) (citing *Montgomery*, 810 S.W.2d at 389); *and*, Tex.R.Evid. Rule 403. Unfair prejudice means the evidence in question has the tendency to impress the jury in some improper yet indelible manner. *Sanders v. State*, 422 S.W.3d 809, 815 (Tex.App. - Ft. Worth 2014). In making this determination, the court should consider: 1) whether the ultimate issue was seriously contested by the opponent of the evidence; 2) whether the State had other convincing evidence to establish the ultimate issue to which the disputed evidence was relevant; 3) the compelling nature, or lack thereof, of the evidence; and 4) the likelihood that the evidence was of such a nature as to impair the efficacy of a limiting instruction. *Taylor*, 920 S.W.2d at 322 (citing *Montgomery*, 810 S.W.2d at 392-393).

The undersigned counsel has found no Texas or federal cases on point, but suggests that evidence of Appellant's "flippant" "demeanor" is akin to the introduction of bad character evidence. On its face, the prosecutor's basis for admission was plainly to show Appellant's attitude, rather than any specifically relevant actions or admissions. Appellant's demeanor in response to being arrested

was not relevant to whether he had committed an assault. Rather, it tended to reflect his character – it portrayed him as a "jerk" after being arrested. But whether Appellant was a jerk was not logically relevant to the charged offense– it did not tend to prove or disprove whether he assaulted Mayra. As such, it was not admissible,

Further, Appellant's bad attitude was unfairly prejudicial because by portraying him to be a jerk it had the tendency to influence the jury to believe that he had committed the assault precisely because he was a jerk; his poor behavior on arrest had a tendency to negatively reflect on all his prior behavior and conveyed the implication of guilt simply because of his character. The evidence was not relevant, but if it was marginally relevant, the danger of unfair prejudice greatly outweighed that relevance.

The matter of prejudice is a contextual one and the likely effect of error must be determined in context with the other evidence at trial. *Motilla v. State*, 78 S.W.3d 352, 359 - 360 (Tex.Cr.App. 2002). Given the testimony at trial, primarily by Mayra, and the lack of compelling rebuttal evidence, counsel believes that the trial court's admission of State's Exhibit 11, while error, did not substantially prejudice Appellant under Tex.R.App. Rule 44.2(b). Accordingly, in the absence of harm, counsel believes the issue would be frivolous. *See*, *High*, 573 S.W.2d at 813 (counsel filing an Anders brief should "discuss either why the trial court's ruling was correct or *why the appellant was not harmed by the ruling of the court*.")(emphasis

added).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant in the above styled and numbered cause respectfully prays that after providing Appellant a reasonable opportunity to submit a *pro se* brief, this Honorable Court conduct a thorough and independent review the appellate record, make an independent determination whether there are grounds upon which to appeal, and if there are no meritorious grounds, permit the undersigned counsel to withdraw from representation.

Respectfully Submitted,

Law Office of Alexander L. Calhoun
4301 W. William Cannon Dr., Ste. B - 150, # 260
Austin, TX 78749
Tele: 512/ 420-8850
Fax: 512/ 233-5946
Cell: 512/ 731-3159
Email: alcalhoun@earthlink.net

By: __/s/__ Alexander L. Calhoun_____
     Alexander L. Calhoun
     State Bar No.: 00787187

## Certificate of Service

I herein certify that on May 12, 2015 a true and correct copy of the above "Anders Brief" was served upon the Travis County District Attorney's Office, P.O. Box 1748, Austin, TX 78767 and that a copy was served upon Appellant, Armando Ochoa, TDCJ # 01965598, TDCJ - CID Lyncher Unit, 2350 Atascocita Rd., Humble, TX 77396, with an explanation of his right to contest this brief and with a motion for pro se access to the appellate record.

     /s/ Alexander L. Calhoun
     Alexander L. Calhoun

## Certificate of Compliance

I hereby certify that the foregoing corrected brief has been prepared in compliance with Tex.R.App.Pro. Rule 9 and that it contains **4144** words (including the table of authorities) and has been printed in 14 point Times New Roman typeface.

/s/    Alexander L. Calhoun
Alexander L. Calhoun

## No.   03-14-00740-CR

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE THIRD  JUDICIAL DISTRICT** |
| | § | |
| **v.** | § | **COURT OF APPEALS** |
| | § | |
| **ARMANDO OCHOA** | § | **SITTING AT AUSTIN, TEXAS** |

### CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Alexander L. Calhoun , court-appointed counsel for appellant, Antonio Perez Lopez, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1.      notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2       informed appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3.      advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4.      explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5.      informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

Law Office of Alexander L. Calhoun

4301 W. William Cannon Dr., Ste. B-150 # 260
Austin, Texas 78749
Tele: 512/ 420 - 8850
Fax: 512/ 233- 5946
Cell: 512/ 731 - 3159
email: alcalhoun@earthlink.net


By: _/s/___ Alexander L. Calhoun_____
     Alexander L. Calhoun
     State Bar No.: 00787187


## CERTIFICATE OF CONFERENCE

I hereby certify that due to the nature of this brief, I have not sought to confer with opposing counsel and do not anticipate opposition to this motion.


     /s/ Alexander L. Calhoun
     ALEXANDER L. CALHOUN


## CERTIFICATE OF SERVICE

I herein certify that on May 12, 2015 a true and correct copy of the above document has been served upon the Travis County District Attorney's Office, P.O. Box 1748, Austin, TX 78767 and that a copy has been served upon Appellant, Armando Ochoa, TDCJ # 01965598, TDCJ - CID Lyncher Unit, 2350 Atascocita Rd., Humble, TX 77396 with an explanation of his right to contest the brief.

     /s/ Alexander L. Calhoun
     ALEXANDER L. CALHOUN

# LAW OFFICE OF ALEXANDER L. CALHOUN

4301 W. William Cannon Dr., Ste. B-150, # 260, Austin, TX 78749
Cell: 512/731-3159   Fax: (512) 233-5946
alcalhoun@earthlink

May 12, 2015

Mr. Armando Ochoa
TDCJ # 01965598
TDCJ - CID  Lyncher Unit
2350 Atascocita Rd.
Humble, TX 77396

       RE:    State of Texas v. Armando Ochoa, 03-14-00740 - CR

Dear Mr. Ochoa:

I have reviewed and researched your case on appeal.   I am sorry to inform you that I have not been able to find any significant legal errors during your trial in which to challenge your conviction or sentence.   When this occurs, I am required to file what is called an "Anders Brief" with the Court of Appeals.

Let me explain to you an "Anders Brief."  Any appeal must be based on facts clearly established on the face of the appellate record and on the case law.   This means, there must be legal error which occurred at trial and the trial attorney must have objected to that error.  Sometimes there are legal errors at trial, sometimes there are insignificant errors, and sometimes there are no errors. If an attorney is able to find a possible issue which is backed up by facts and supported by law, he is supposed to file a " merits brief."   However, if he cannot find any potential issue, he is required to file an Anders Brief.   An Anders Brief advises the Court that the attorney is unable to find any error, but sets out the facts of the case and identifies any possible error for the Court of Appeals to review.   The Court of Appeals will then conduct its own review over the case and determine whether the attorney is correct, or whether the attorney has missed a legal issue.   If the Court concludes that the attorney is correct, and there are no potential issues of merit (meaning that it is possible that the court could reverse the conviction or sentence), then it will permit the attorney to withdraw at the conclusion of the case.  If the Court finds the attorney has  missed an issue, it will return the case to the attorney with instructions to identify and brief the potential issue.

In your case, I have identified two potential issues for the Court of Appeals, but have concluded that the issues would not likely reverse your case.  The first issue relates to whether the State presented false or misleading evidence when it presented Kristen Barrientes' 911 tape where she indicates there is an ongoing assault.  At trial, both she and Mayra both testified there was no

fight in the apartment.   I have advised the Court of Appeals that presenting the 911 tape conveyed false or misleading evidence to the jury about Barrientes' observations.  I have also advised that I have rejected the claim as a potential basis for appeal because  the falsity of the tape was exposed through your attorney's cross-examination, thus the jury had the opportunity to evaluate the evidence to determine what was the truth – this is what juries do.   The other potential issue is when your attorney objected to the introduction of the recording of your arrest.  I have advised the Court that this evidence was not relevant and was unfairly prejudicial.   However, the video probably did not influence the jury given the other evidence, and therefore, I have advised that I believe the issue to be harmless.

As part of the Anders Brief procedure, <u>you have the right to write the Court of Appeals and advise the Court that you believe that I am incorrect in my evaluation of the potential issues that I have raised, or that I have overlooked other potential issues.  If you believe that I have made an error and that there is some potentially meritorious claim, including those that I have pointed out, I would urge you to advise the Court of Appeals</u>.   You do not have to file a fully developed brief; anything which indicates why you think that I have made a mistake will be sufficient to direct the Court to review the issue which you think has been overlooked.   The address for the Court of Appeals is:

> Clerk's Office
> Third Court of Appeals
> PO Box 12547
> Austin, Texas 78711

I do not have a paper copy of the appellate record for your to review, only an electronic copy You  will need to obtain a paper copy by filing the enclosed Motion to the Court of Appeals which requests a copy of the appellate record.   Just sign and date  and send it to the Court of Appeals. You will also need to send a copy to the Travis County District Attorneys Office.

If the Court of Appeals agrees that the case if frivolous, you have the right to appeal this decision to the Texas Court of Criminal Appeals, in Austin.   The address to the Court of Criminal Appeals is:

> Court of Criminal Appeals
> P.O. Box 12308
> Austin, Texas 78711

The appeal to the Court of Criminal Appeals (called a Petition for Discretionary Review) must be filed no more than 30 days after the Court of Appeals issues its decision.   The rules for filing a Petition for Discretionary Review are found in Rules 66 through 68 of the Texas Rules of Appellate Procedure.

You will notice that I have filed a Motion to Withdraw along with the Anders Brief.  This is part of the Anders  procedure, but the Court will not grant the motion unless and until it concludes there are no potentially meritorious issues.  <u>This means that I am, and remain your attorney at all points until the case has come to an end</u>.  Do not worry that you no longer have an attorney on the

case; I am on the case until the Court make a ruling on the brief.

   The Court of Appeals will not come to a decision for several months, and most likely longer if you object to my evaluation. As I have mentioned above, I remain your attorney until the Court reviews the case. I will attempt to answer any questions that you may have regarding your case.

        Sincerely,


        /s/ *Alexander L. Calhoun*

        Alexander L. Calhoun


ALC/